IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-02531-CMA-KLM

JOSE DIAZ-FONTANEZ,

    Petitioner,

v.

C. DANIELS, Warden,

    Respondent.

## ORDER OF DISMISSAL

Petitioner Jose Diaz-Fontanez is in the custody of the Bureau of Prisons ("BOP"), and is currently incarcerated at the United States Penitentiary, Florence High, in Florence, Colorado. Mr. Diaz-Fontanez initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on September 16, 2013. (Doc. # 1.)  For the reasons stated below, the Application is denied.

## I. BACKGROUND

On December 15, 1992, Mr. Diaz- Fontanez was sentenced by the Commonwealth of Puerto Rico to a two-year term of imprisonment for a firearms violation. (Doc. # 19-1 at 16.)  The execution of the term was suspended and Mr. Diaz-Fontanez was placed on probation. (*Id.*)  Subsequently, Mr. Diaz-Fontanez was sentenced by the Commonwealth of Puerto Rico to an eight-year term of imprisonment on firearm charges in June of 1993, imposed consecutively to any sentence being

served.  (*Id.*)  His probation was revoked on August 6, 1993.  In 1996, Mr. Diaz-Fontanez was sentenced to a three year term for another firearms violation.  (*Id.* at 17.)

On April 11, 1997, while serving these non-federal sentences, Mr. Diaz-Fontanez was taken into federal custody, pursuant to a Writ of Habeas Corpus ad Prosequendum ("Writ of HCAP") issued by the United States District Court for the District of Puerto Rico.  (*Id.* at 25.)  While in federal detention awaiting conviction and sentencing on federal charges, Mr. Diaz-Fontanez was sentenced by the Commonwealth of Puerto Rico to a 25 year term for murder, to be served concurrently with the federal term to be imposed.  (*Id.* at 17.)  On June 14, 2002, the United States District Court for the District of Puerto Rico sentenced Mr. Diaz-Fontanez to a 324 month term of imprisonment for conspiracy to distribute narcotics, which was to run concurrently with his existing state sentences.  (Doc. # 19-1 at 29.)  Mr. Diaz-Fontanez was returned to state custody on July 1, 2002.  (*Id.* at 26.)  Upon completion of his state sentence on June 15, 2006, Mr. Diaz-Fontanez was transferred to federal custody to serve the remainder of his federal drug trafficking sentence.  (*Id.* at 3.)  Subsequently, Mr. Diaz-Fontanez's federal sentence was reduced by the United States District Court for the District of Puerto Rico to a term of 192 months and 11 days on February 26, 2009, and further reduced to a term of 188 months on December 10, 2012.  (*Id.* at 5.)  Mr. Diaz-Fontanez's projected release date is May 22, 2016.  (*Id.* at 42.)

Mr. Diaz-Fontanez filed a Request for Administrative Remedy on March 20, 2013, alleging that the BOP failed to credit him the pre-sentence jail time from April 11, 1997 to June 14, 2002, to which he is entitled.  (Doc. # 1 at 7.)  When his initial Request

was denied on April 4, 2013, Mr. Diaz-Fontanez filed a Regional Administrative Remedy Appeal on April 10, 2013, which was denied on April 24, 2013. (*Id.* at 8.) Mr. Diaz-Fontanez filed his final Administrative Remedy Appeal to the Central Office Administrative on May 22, 2013, which was denied on June 27, 2013. (*Id.* at 11.)

On March 27, 2013, during the administrative appeal process, Mr. Diaz-Fontanez filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Colorado. (*Id.* at 12.) The writ was denied and the action was dismissed without prejudice on May 31, 2013, due to Mr. Diaz-Fontanez's failure to exhaust all administrative remedies. (*Id.* at 14-16.) On September 16, 2013, after his final administrative appeal was denied, Mr. Diaz-Fontanez filed the instant action, a second application for a writ of habeas corpus. (*Id.*) In the application, Mr. Diaz-Fontanez alleges that the BOP's failure to credit him pre-sentence jail time served from April 11, 1997 to June 14, 2002, violates his Fifth and Eighth Amendment rights, and is a miscalculation of his sentence under United States Sentencing Commission, Guidelines Manual, § 5G1.3(b) (Nov. 2012). (*Id.* at 2-3.) As relief, he seeks immediate release from federal custody. (*Id.* at 2.)

## II.  LEGAL STANDARD

The Court must construe a prisoner's pleadings liberally when he is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers"). At the same time, the Court cannot act as an advocate for a *pro se* litigant. *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991) (noting that a *pro se* litigant must make more than conclusory allegations to state a valid claim).

A Section 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Habeas corpus relief is warranted only if the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (citation omitted).

### III.   DISCUSSION

#### A.   WRIT OF HCAP

Mr. Diaz-Fontanez contends that he is entitled to pre-sentence jail time credit for the April 11, 1997 to June 14, 2002 period when he was in federal custody pursuant to the Writ of HCAP.

"The computation of a federal sentence requires consideration of two separate issues. Initially, we determine the commencement date of the federal sentence and then turn to the extent to which a defendant can receive credit for time spent in custody prior to commencement of sentence." *Newman v. Cozza-Rhodes*, 526 F. App'x. 818, 821 (10th Cir. 2013) (citing *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006)).

Pursuant to this framework, the Court determines that Mr. Diaz-Fontanez's federal sentence commenced on the date he was sentenced, June 14, 2002. "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence, at the official detention facility at which the sentence is to be served." *Id.* (citing 18 U.S.C. § 3585(a)).  However, a concurrent federal sentence imposed upon a prisoner already in state custody begins to run on the date of its imposition.  *See Azure v. Gallegos*, 97 F. App'x 240, 244 (10th Cir. 2004).  Temporary federal custody pursuant to an HCAP does not "begin" the service of a federal sentence, because the prisoner is surrendered back to state custody without having been received at a federal penal institution for service of a federal sentence.  *See Thomas v. Ledezma,* 341 F. App'x. 407, 411 n.6 (10th Cir. 2009).

On June 14, 2002, the federal sentencing court imposed a sentence to run concurrently with Mr. Diaz-Fontanez's existing state sentence.  (Doc. # 19-1 at 29). During the period from April 11, 1997 to June 14, 2002, when Mr. Diaz-Fontanez was in federal jail pursuant to the Writ of HCAP,  he was merely "on loan" from state to federal custody in order to be prosecuted for federal drug trafficking charges, and the state never relinquished custody over him.  *See Brown v. Perrill,* 28 F.3d 1073, 1074 (10th Cir. 1994.)  Because Mr. Diaz-Fontanez was returned to state custody after June 14, 2002, to serve out the rest of his state sentence, his federal sentence "began" on the date when the federal sentence was imposed and the Writ of HCAP expired: June 14, 2002. *See Azure*, 97 F. App'x at 244.

Turning to whether Mr. Diaz-Fontanez can receive credit for time spent in custody prior to commencement of his federal sentence, the Court determines that he cannot.  The 62 months Mr. Diaz-Fontanez spent in federal detention on the Writ of HCAP were credited towards his state sentence.  (Doc. # 19-1 at 5-6.)  His consecutive state sentences totaled 13 years[1]; thus, Mr. Diaz- Fontanez was released from state to federal custody at the proper time, on June 15, 2006.  Even though he served some of the state sentence in federal prison pursuant to the Writ of HCAP, at no time was Mr. Diaz-Fontanez's state sentence disturbed.  Because of the statutory prohibition on double sentencing credit, the time Mr. Diaz-Fontanez spent under the Writ of HCAP cannot also be credited towards his federal sentence.  *See* 18 U.S.C. § 3585(b)(2) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed []; **that has not been credited against another sentence**.") (emphasis added).  Therefore, Mr. Diaz-Fontanez is not entitled to relief on his first claim.

---

[1] The government fails to explain how Mr. Diaz-Fontanez's sentences in the Commonwealth of Puerto Rico were calculated.  The Court presumes that when Mr. Diaz-Fontanez's probation was revoked on August 6, 1993 (Doc. # 19-1, at 16), the trial court reinstated the original two year term that was suspended when he was placed on probation, pursuant to 34 L.P.R.A. § 1029 ("[T]he trial court may, in its judgment, revoke said probation and shall order the confinement of the convicted person for the full term of the sentence whose execution was originally suspended to place him on probation without crediting him with the period of time he was on probation."), to run concurrently to the eight year term imposed on June 10, 1993.  Nonetheless, Mr. Diaz-Fontanez does not raise any arguments concerning the calculation of his state sentence, including whether he received proper credit toward his state sentence while in federal prison pursuant to the Writ of HCAP.

**B.      SENTENCING UNDER U.S.S.G. § 5G1.3(b)**

Mr. Diaz-Fontanez also contends that he was improperly sentenced under U.S.S.G. § 5G1.3(b).  Section 5G1.3(b) provides, in pertinent part, that when

> a term of imprisonment resulted from another offense that is relevant conduct to the instant offense . . . that was the basis for an increase in the offense level for the instant offense . . . the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence . . . and the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

However, attacks on the execution of a sentence properly fall under 28 U.S.C. § 2241, while challenges to the validity of a federal sentence trigger 28 U.S.C. § 2255.  *See Bradshaw*, 86 F.3d at 166.  Mr. Diaz-Fontanez's contention that his sentence was miscalculated under U.S.S.G. § 5G1.3(b) is a challenge to the validity of the sentence, not its execution, and must be made in a Section 2255 action, not pursuant to Section 2241.  *See Carroll v. Peterson*, 105 F. App'x 988, 2004 WL 1752400, at *1 (10th Cir. Aug. 5, 2004) (order and judgment) (petitioner's contention that federal sentencing court should have provided for concurrent federal and state sentences pursuant to U.S.S.G. § 5G1.3(c) challenged the validity of his sentence and must be brought under Section 2255); *see also Garrett v. Snyder*, 41 F. App'x 756, 758, 2002 WL 1379036, at *2 (6th Cir. June 25, 2002) (28 U.S.C. § 2255, rather than 28 U.S.C. § 2241, was the proper vehicle because "Garrett's U.S.S.G. § 5G1.3 argument constitutes a challenge to the imposition of his sentence, not the execution or manner in which his sentence is being served").  Further, a Section 2255 action is utilized to challenge the sentencing court's sentencing decision, and it "must be filed in the district that imposed the sentence,"

*Bradshaw*, 86 F.3d at 166 (citations omitted), rather than in the district where the prisoner is confined, unless a remedy under Section 2255 would be inadequate or ineffective. *See Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010).

There is no indication that a Section 2255 motion filed in the District of Puerto Rico would be inadequate or ineffective. *See id.* Therefore, if Mr. Diaz-Fontanez wishes to challenge the validity of his federal sentence, he must file his claim pursuant to 28 U.S.C. § 2255 in the District of Puerto Rico, where he was convicted and sentenced. *See Carroll,* 2004 WL 1752400, at *1; *Bradshaw*, 86 F.3d at 166. This Court lacks jurisdiction over Mr. Diaz-Fontanez's second claim.

## IV.   CONCLUSION

Accordingly, it is ORDERED that Mr. Diaz-Fontanez's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is DENIED. Specifically, it is

FURTHER ORDERED that Mr. Diaz-Fontanez's claim that he is entitled to pre-sentence credit for the time he served on a Writ of HCAP is DISMISSED WITH PREJUDICE. It is

FURTHER ORDERED that Mr. Diaz-Fontanez's claim of invalid sentencing is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

DATED: April 25, 2014

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge